NOTICE

Decision filed 01/20/21 The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190515

NO. 5-19-0515

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 17-CF-104 |
| | ) | |
| CHARLES MATTHEW JOHNSON III, | ) | Honorable |
| | ) | Brian D. Lewis, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch and Wharton concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a bench trial, the trial court found the defendant not guilty of two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(2) (West 2016)) but found him guilty of one count of distributing harmful material to a minor (720 ILCS 5/11-21(b)(1)(A) (West 2016)), which the trial court enhanced to a Class 4 felony pursuant to section 11-21(g) of the Criminal Code of 2012 (720 ILCS 5/11-21(g) (West 2016)). The trial court sentenced the defendant to 30 months of probation, with a condition that he serve 180 days in the county jail with no day-for-day credit. The defendant did, however, receive credit for 68 days previously served in the county jail. The defendant appealed. For the following reasons, we vacate the defendant's conviction and sentence, and remand with directions.

1

¶ 2                    I. BACKGROUND

¶ 3     The State charged the defendant Charles Matthew Johnson, also known as "Bear," with two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(2) (West 2016)) and one count of distributing harmful material to a minor[1] (720 ILCS 5/11-21(b)(1)(A) (West 2016)). The charge of distributing harmful material to a minor alleged that "the defendant, *** with knowledge of the content thereof sent harmful material by telecommunications a photograph of his nude penis in a [*sic*] erect posture to R.D., a person he knew to be under 18, in violation of Chapter 720, Act 5, Section 11-21(b)(1)(A), Illinois Compiled Statutes."[2] In the information, the State submitted that the offense of distributing harmful material to a minor was a Class 4 felony.

¶ 4     Section 11-21 provides, in relevant part, as follows:

     "(b) A person is guilty of distributing harmful material to a minor when he or she:

          (1) knowingly sells, lends, distributes, exhibits to, depicts to, or gives away to a minor, knowing that the minor is under the age of 18 or failing to exercise reasonable care in ascertaining the person's true age:

               (A) any material which depicts nudity, sexual conduct or sado-masochistic abuse, or which contains explicit and detailed verbal descriptions or narrative accounts of sexual excitement,

_____

[1]The information charges the offense as "sending harmful material to a child." The statute, however, names the offense as "distributing harmful material to a minor." See 720 ILCS 5/11-21(b) (West 2016). For clarity and consistency, we will refer to the statutory name of the offense rather than the offense as titled in the charging document.

[2]Defendant was also charged in a separate proceeding, 17-CF-196, with three counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(2) (West 2016)), based on allegations involving a different victim, D.S. By agreement of the parties, the charges in the present case, 17-CF-104, and 17-CF-196 were tried jointly in a bench trial. Because this appeal involves only the defendant's conviction for distributing harmful material to a minor, we will only discuss those portions of the defendant's pleadings as they relate to that charge.

sexual conduct or sado-masochistic abuse, and which taken as a whole is harmful to minors[.]

* * *

(e) Distribution of harmful material in violation of this Section is a Class A misdemeanor. A second or subsequent offense is a Class 4 felony.

***

(g) A person over the age of 18 who fails to exercise reasonable care in ascertaining the true age of a minor, knowingly distributes to, or sends, or causes to be sent, or exhibits to, or offers to distribute, or exhibits any harmful material to a person that he or she believes is a minor is guilty of a Class A misdemeanor. If that person utilized a computer web camera, cellular telephone, or any other type of device to manufacture the harmful material, then each offense is a Class 4 felony." 720 ILCS 5/11-21(b)(1)(A), (e), (g) (West 2016).

¶ 5    At the bench trial, the State first presented its evidence regarding the charges in 17-CF-104, related to the victim, R.D. The evidence revealed that the defendant and R.D. were cousins and part of a close-knit family. A few of the family members lived in an area where several trailer homes were grouped together and surrounded by a wooden fence, referred to as the "compound." R.D. did not live at the compound, but sometimes visited there. The defendant lived alone in a trailer that was "a road or two over" from the compound.

¶ 6    R.D. testified that on or about April 23, 2016, when she was visiting her aunt's trailer, the defendant had oral sex with R.D. by placing his penis in R.D.'s mouth. R.D. remembered this date because she saved the date in her cell phone with the defendant's initials. R.D. further

3

testified that no more than three weeks after the April 23 incident, during a family cookout, the defendant took R.D. to the defendant's residence and engaged in vaginal intercourse with R.D.

¶ 7    During this time, R.D. was 16 and had known the defendant her entire life. R.D. stated that the defendant did not pay much attention to R.D. when she was younger, "but leading up to 16, a little more." R.D. testified that she had a cell phone with the defendant's phone number saved under his name. R.D. further testified that the defendant had R.D.'s phone number and would send her text messages, photographs, and videos. R.D. kept some of the items she received from the defendant in a locked file on R.D.'s cell phone. Sometime after the defendant began having sexual contact with R.D., the defendant sent pictures of his nude, erect penis being held in his left hand to R.D.'s cell phone. At trial, R.D. identified the defendant's penis in two photographs. She recognized "his vein on the top and the distinctive of [*sic*] the head" and the defendant's hand. R.D. testified that these photographs were kept in the locked file on her cell phone. The photographs depict a close-up image of the defendant's nude, erect penis being held in his left hand and appear to be taken from the perspective of an individual photographing his own exposed genitalia.

¶ 8    When the allegations that the defendant had sexual contact with R.D. came to light in early July 2016, R.D. gave her cell phone to her school's principal, along with the passcode needed to unlock the phone. R.D. was later interviewed by Detective Karl Gusentine, who had R.D.'s cell phone. Detective Gusentine testified that he reviewed the contents of the locked file on R.D.'s cell phone with her, which contained several photographs. As they reviewed the photographs, Detective Gusentine took pictures of R.D.'s cell phone as it depicted each photograph and printed the pictures for R.D. to identify. When presented with the two photographs at issue, R.D. identified the defendant and placed her initials on the back of the

4

pictures. Detective Gusentine testified that he later interviewed the defendant, who denied sending the photographs to R.D. Detective Gusentine admitted that law enforcement never seized the defendant's phone or executed a search warrant at his residence. Detective Gusentine also conceded that it was possible someone else took the photographs at issue.

¶ 9 Following Detective Gusentine's testimony, the State rested its case as to 17-CF-104.[3] At the close of the prosecution's case, the defendant filed a written motion for a finding of not guilty in which he sought a judgment of acquittal for all charges.

¶ 10 In his motion, the defendant submitted that the State did not properly charge a Class 4 felony violation of section 11-21(b)(1)(A) because the State did not allege that the charge of distributing harmful material to a minor was a second or subsequent offense. The defendant also argued that the State did not present sufficient evidence to establish that the defendant sent the photographs at issue to R.D. The State responded that section 11-21(g) contained a sentencing enhancement that elevated the offense to a Class 4 felony if a person over the age of 18 used an electronic device to "transmit"[4] the picture. The State also believed that it had met its burden of proof for distributing harmful material to a minor.

¶ 11 The trial court adjourned for the day to consider the parties' contentions. The next day, the trial court denied the defendant's motion as to the one count of distributing harmful material to a minor in cause number 17-CF-104. The defense then made an oral motion to dismiss the charge of distributing harmful material to a minor. The defendant argued that he was charged under section 11-21(b)(1)(A) and not section 11-21(g), which the defendant contended was a separate offense with distinct elements that the State had not charged or proven. The State again

_____

[3]The State then presented evidence for the charges in 17-CF-196. In that case, the State presented evidence that the defendant had oral and vaginal intercourse with a separate victim, not R.D.

[4]We note that the section 11-21(g) uses the word "manufacture" not "transmit." See 720 ILCS 5/11-21(g) (West 2016).

countered that subsection (g) constituted a sentencing provision and the State asserted that it had provided notice and discovery that the State was alleging a cell phone was used in the commission of the offense. The trial court agreed with the State that subsection (g) was a sentencing provision. The defendant responded that section 11-21(e) was the penalty section and that the State had not presented evidence as to how the photographs were manufactured as required by subsection (g). The trial court noted that the "material was sent by telecommunications" and that the "key phrase" in subsection (g) was "any other type of device to manufacture the harmful material." The trial court reasoned that, because the material was a photograph, a camera device must have been used, which would fall under the "any other type of device" language in subsection (g). The trial court took the defendant's oral motion under advisement. The defendant presented no evidence, thus concluding the testimony portion of the trial.

¶ 12    The following day, the trial court indicated that it had reviewed the jury instructions for distributing harmful material to a minor and that the instructions contained no language regarding subsection (g). The trial court determined that subsection (g) applied to sentencing and that the offense was properly charged as a Class 4 felony. Accordingly, the trial court found the defendant guilty of distributing harmful material to a minor, and the matter was set for sentencing.

¶ 13    Prior to sentencing, the defendant filed a posttrial motion for a judgment notwithstanding the verdict and for a new trial. In his motion, the defendant restated his position that section 11-21(g) was a separate and distinct offense from section 11-21(b)(1)(A), that the State failed to allege a violation of section 11-21(g) in the information, and that the State failed to present sufficient evidence to convict the defendant of distributing harmful material to a minor. At the

sentencing hearing, the trial court denied the defendant's posttrial motion and sentenced the defendant to 30 months of probation, which included a condition that the defendant serve 180 days in the county jail. The sentencing order indicated that the defendant was to serve 180 consecutive days with no day-for-day credit, but the defendant was to receive credit for 68 days of jail time previously served.

¶ 14 Following sentencing, the defendant filed a motion to correct sentence and apply good behavior credit. In his motion, the defendant contended that, pursuant to section 3 of the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 2016)), he must receive day-for-day credit because the defendant's 180-day sentence was not a sentence of periodic imprisonment. The defendant requested that the trial court correct its sentence and allow him to receive day-for-day credit. At a hearing on the defendant's motion, the trial court stated that the court had intended for the defendant to serve the full 180 days, less the 68 days already served, with no day-for-day credit. The trial court then modified the defendant's sentence, by addendum, so that he would be released for one weekend per month until the defendant served the intended period of incarceration. The trial court stated that the periodic term of imprisonment would comply with section 3 and effectuate the trial court's intent at sentencing. The addendum also reaffirmed that the defendant was to receive no day-for-day credit. This appeal followed.

¶ 15                                                    II. ANALYSIS

¶ 16 On appeal, the defendant argues that the trial court incorrectly interpreted section 11-21(g) as a sentencing enhancement rather than a separate offense from section 11-21(b)(1)(A). Next, the defendant contends that the information was deficient in charging distributing harmful material to a minor. The defendant also contends that the State's evidence at trial was insufficient to support a conviction. Finally, the defendant alleges that the trial court impermissibly increased

7

the defendant's sentence when the trial court modified the defendant's sentence so that the defendant was required to serve the full 180 days in jail with no day-for-day credit. We address each issue in turn.

¶ 17                    A. Interpretation of 720 ILCS 5/11-21(g)

¶ 18    The defendant first challenges the trial court's interpretation of section 11-21(g) as a sentencing enhancement provision rather than a separate offense. Questions of statutory interpretation, such as this one, are reviewed *de novo*. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). When construing a statute, the reviewing court's primary objective is to ascertain and give effect to the legislature's intent. *People v. Molnar*, 222 Ill. 2d 495, 518 (2006). We begin our review with the statute's language, which must be given its plain and ordinary meaning. *Molnar*, 222 Ill. 2d at 518. If the language of the statute is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction. *Molnar*, 222 Ill. 2d at 518-19. All provisions of the statute should be viewed as a whole. *Molnar*, 222 Ill. 2d at 519. Words and phrases should not be construed in isolation but must be interpreted in light of other relevant provisions of the statute. *Molnar*, 222 Ill. 2d at 519. If the statute's language is ambiguous, however, we may consider interpretive aids, such as legislative history, to resolve the ambiguity and determine the intent of the legislature. *People v. Maggette*, 195 Ill. 2d 336, 348 (2001).

¶ 19    Generally, where a statute initially sets forth the elements of an offense and then provides sentencing classifications based on other factors, the enhancing factors do not create a new offense but serve only to enhance the punishment. See, *e.g.*, *People v. Van Schoyck*, 232 Ill. 2d 330, 338-39 (2009) (driving under the influence (DUI) statute only created one offense of DUI which may be enhanced to a felony based on certain factors); *People v. Robinson*, 232 Ill. 2d 98, 112 (2008) ("involuntary manslaughter" and "involuntary manslaughter of a family or household

8

member" are not separate crimes, but rather, one crime of involuntary manslaughter that is enhanced where the victim of the offense was a family or household member); *People v. Green*, 225 Ill. 2d 612, 619-20 (2007) ("robbery" and "robbery of a person 60 years of age or over" are not separate crimes, but rather, one crime of robbery that is enhanced depending upon the nature of the victim). In these cases, the enhancing factor was generally found in a penalty or sentencing provision of the statute. That is not, however, the case with section 11-21(g).

¶ 20    Our analysis begins with the language of section 11-21. The defendant was charged with a violation of section 11-21(b)(1)(A). Subsection (b) generally sets forth the nature and elements for the offense of distributing harmful material to a minor. 720 ILCS 5/11-21(b) (West 2016). In section 11-21(b)(1)(A), the State must prove that the individual distributing harmful material did so "knowing that the minor [was] under the age of 18 or fail[ed] to exercise reasonable care in ascertaining the person's true age." 720 ILCS 5/11-21(b)(1)(A) (West 2016). The penalty provision for a violation of this subsection is found in subsection (e), which provides that the offense is a Class A misdemeanor. A second or subsequent offense elevates the offense to a Class 4 felony. 720 ILCS 5/11-21(e) (West 2016).

¶ 21    Subsection (f), although not at issue in this case, classifies the act of a minor obtaining harmful material by deception as a Class B misdemeanor. 720 ILCS 5/11-21(f) (West 2016). This subsection is a separate and distinct offense from distributing harmful material to a minor under subsection (b).

¶ 22    Subsection (g) of the statute generally states that it is a Class A misdemeanor for a person over the age of 18 to knowingly distribute harmful material to "a person that he or she *believes* is a minor." (Emphasis added.) 720 ILCS 5/11-21(g) (West 2016). In other words, contrary to subsection (b)(1)(A), there is no requirement, under subsection (g), that the individual knows the

9

age of the person to whom the transmission is being made. Indeed, the distinction under subsection (g) is important, for example, where law enforcement officers may use social media or other online forums, pretending to be minors. Under subsection (g), as long as the individual transmitting the harmful material *believes* that he or she is sending the harmful material to a minor, a conviction under this subsection of the statute is a separate, Class A misdemeanor. Subsection (g) then provides that where the defendant utilized "a computer web camera, cellular telephone, or any other type of device to manufacture the harmful material," the offense is a Class 4 felony. 720 ILCS 5/11-21(g) (West 2016). Because subsection (g) requires proof of certain facts not required under subsection (b), it appears that the legislature intended to create a separate offense for distributing harmful material to an individual believed to be a minor.

¶ 23 Placing subsection (g) after the separate offense in subsection (f) further supports the conclusion that subsection (g) creates a separate offense. Therefore, in light of the plain language of the statute, we conclude that subsection (g) sets forth a separate offense, not a sentencing enhancement, as argued by the State.

¶ 24 Additionally, we note that the information specifically stated that, at the time the defendant sent the harmful material by telecommunications, he "knew" the person "to be under 18." Moreover, the State made no allegation in the information that the defendant manufactured the harmful material sent to R.D. Thus, the State clearly used the language in subsection (b)(1)(A), not subsection (g). In light of the foregoing, the offense charged was a Class A misdemeanor under section 11-21(b)(1)(A), not a Class 4 felony.

¶ 25                              B. Sufficiency of the Charging Document

¶ 26 Having determined that subsection 11-21(b)(1)(A) created a separate offense from subsection (g), we turn next to the defendant's contention that the information, which charged

10

the defendant with distributing harmful material to a minor, was deficient. The defendant raises three challenges to the criminal information. First, the defendant contends that the criminal information did not allege that the materials sent to R.D., when taken as a whole, were harmful. Next, the defendant argues that the State did not allege the defendant had a prior offense, as required by section 11-21(e), to elevate his offense to a Class 4 felony. Finally, the defendant submits that the State did not allege a violation of section 11-21(g)—that the defendant manufactured the harmful material using a computer web camera, cell phone, or any other type of device—to enhance the defendant's offense to a Class 4 felony.

¶ 27     A defendant in criminal proceedings has a fundamental right to be informed of the nature and cause of criminal accusations made against the defendant. *People v. Carey*, 2018 IL 121371, ¶ 20. The charging document must state the name of the offense; cite the statutory provision alleged to have been violated; set forth the nature and elements of the offense charged; and state the date, county, and name of the accused, if known. 725 ILCS 5/111-3(a) (West 2016). We review the sufficiency of a charging document *de novo*. *Carey*, 2018 IL 121371, ¶ 19.

¶ 28     The timing of a challenge to the charging document is significant in determining whether the defendant is entitled to have their conviction reversed, based on an error in the charging document. *Carey*, 2018 IL 121371, ¶ 21. If a challenge is made prior to trial in a pretrial motion, the charging document must strictly comply with the requirements set forth in section 111-3(a). *Carey*, 2018 IL 121371, ¶ 21. By contrast, when a charging document is challenged for the first time on appeal, the defendant must show that he was prejudiced in the preparation of his defense. *Carey*, 2018 IL 121371, ¶ 22. In this instance, the charging document is sufficient if it notified the defendant of the precise offense charged, with enough specificity, to allow the defendant to prepare a defense and plead a resulting conviction as a bar to future prosecution arising from the

11

same conduct. *Carey*, 2018 IL 121371, ¶ 22. Only where the defendant demonstrates prejudice will the mere fact that a charging document contains an incorrect citation to the criminal statute be grounds for dismissal of the conviction. *People v. Melton*, 282 Ill. App. 3d 408, 415 (1996). If the reviewing court cannot say that an error in the charging document inhibited the defendant in the preparation of his defense, the court cannot conclude that the defendant was prejudiced. *Carey*, 2018 IL 121371, ¶ 22. Here, the defendant did not formally challenge whether the State failed to allege that the material sent to R.D., when taken as a whole, was harmful. Instead, he makes this claim for the first time on appeal. Thus, the defendant must show that he was prejudiced.

¶ 29   The State contends that the defendant has forfeited his challenge to the sufficiency of the information. The State asserts that the defendant failed to comply with Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) because the defendant has not supported his position with legal arguments or citations to authority. Rule 341(h)(7) provides that the defendant's brief must include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). " ' "[A] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." ' " *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88 (quoting *In re Marriage of Auriemma*, 271 Ill. App. 3d 68, 72 (1994), quoting *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)).

¶ 30   Here, the defendant argues that the State failed to allege in the information that the materials sent to R.D., when taken as a whole, were harmful. The defendant does not, however,

make any argument as to how he was prejudiced in preparing his defense or cite to any legal authority to support his claim. Consequently, the defendant has forfeited this argument.

¶ 31    Even if we were to consider the defendant's claim, the record clearly shows that the defendant was not prejudiced in the preparation of his defense. The information clearly alleged that the defendant sent "harmful material" to R.D., a person he knew to be under the age of 18. The State also described the harmful material as a photograph of the defendant's nude, erect penis. Thus, the defendant suffered no prejudice in the preparation of his defense, and his challenge to the sufficiency of the information is without merit.

¶ 32    The defendant next contends that the State did not allege that the defendant had a prior offense, as required by section 11-21(e), to elevate his offense to a Class 4 felony. The defendant also complains that the State did not allege a violation of section 11-21(g)—that the defendant manufactured the harmful material using a computer web camera, cell phone, or any other type of device—to enhance the defendant's offense to a Class 4 felony. Inasmuch as we have determined that the information charged only the Class A misdemeanor under section 11-21(b)(1)(A), these arguments are moot.

¶ 33                          C. Sufficiency of the Evidence

¶ 34    The defendant also argues that the State failed to produce sufficient evidence to support a conviction for distributing harmful material to a minor. In reviewing a challenge to the sufficiency of the evidence, it is not the function of the reviewing court to retry the defendant. *People v. Sutherland*, 223 Ill. 2d 187, 242 (2006). Rather, the relevant question is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Sutherland*, 223 Ill. 2d at 242. It is the trier of fact's responsibility to determine the credibility of witnesses and the weight

13

given to their testimony, to resolve conflicts or inconsistencies in the evidence, and to draw all reasonable inferences from the evidence. *Sutherland*, 223 Ill. 2d at 242. Circumstantial evidence is sufficient to sustain a conviction, so long as the elements of the offense have been proven beyond a reasonable doubt. *Sutherland*, 223 Ill. 2d at 242-43. " 'The trier of fact need not, however, be satisfied beyond a reasonable doubt as to each link in the chain of circumstances. It is sufficient if all of the evidence taken together satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt.' " *Sutherland*, 223 Ill. 2d at 242 (quoting *People v. Hall*, 194 Ill. 2d 305, 330 (2000)).

¶ 35    To sustain a conviction for distributing harmful material to a minor, the State was required to prove that the defendant knowingly sent harmful material to R.D., who was a minor under the age of 18, and that the defendant knew R.D. was under the age of 18 or failed to exercise reasonable care in ascertaining her true age. See 720 ILCS 5/11-21(b)(1)(A) (West 2016). Here, a rationale trier of fact could have found that the State presented sufficient evidence to find the defendant guilty of distributing harmful material to a minor. There is no dispute that R.D. was a minor at the time of the offense or that the defendant was over the age 18. The evidence showed that the defendant grew up living among R.D.'s family before she was born, that the defendant and R.D. were cousins, and that their family was close knit. R.D. also testified that she knew the defendant her entire life. Based on this evidence, a reasonable trier of fact could have determined that the defendant knew R.D. was a minor or failed to exercise reasonable care in ascertaining her true age.

¶ 36    As to the harmful material R.D. received on her cell phone, a photograph of an adult male's nude, erect penis falls squarely within the statutory definition of material that would be

14

considered "harmful to minors."[5] R.D. testified that the photographs were sent to her from the contact in her phone under the defendant's name. R.D. also testified that she had previously received text messages, photographs, and videos on her phone from the defendant. The defendant's prior use of a phone number is compelling circumstantial evidence that the defendant sent R.D. the pictures at issue. See *People v. Walker*, 2016 IL App (2d) 140566, ¶¶ 11-12.

¶ 37    Therefore, the evidence presented at trial was sufficient to convict the defendant of distributing harmful material as a Class A misdemeanor under section 11-21(b)(1)(A), the alleged statutory violation charged in the information. Under Illinois Supreme Court Rule 615(b)(3) (eff. Jan. 1, 1967), a "reviewing court may *** reduce the degree of the offense of which the [defendant] was convicted." As a result, we reduce the defendant's conviction from a Class 4 felony to a Class A misdemeanor and will remand for resentencing on the Class A misdemeanor.

¶ 38                      D. Modification of the Defendant's Sentence

¶ 39    Finally, the defendant asks this court to vacate the addendum to the sentencing order, which the defendant claims impermissibly increased the amount of jail time the defendant was required to serve. The State submits that this issue is moot as the defendant, although still on probation, is no longer incarcerated. An issue is moot when no actual controversy exists or where events occur that render it impossible for the reviewing court to grant effectual relief. *People v. Lynn*, 102 Ill. 2d 267, 272 (1984). Here, the record shows that the defendant completed his 180-

---

[5]" 'Harmful to minors' means that quality of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse, when, taken as a whole, it (i) predominately appeals to the prurient interest in sex of minors, (ii) is patently offensive to prevailing standards in the adult community in the State as a whole with respect to what is suitable material for minors, and (iii) lacks serious literary, artistic, political, or scientific value for minors." 720 ILCS 5/11-21(a) (West 2016).

day jail term on March 2, 2020. Because the defendant has completed his period of incarceration and has not challenged any other portion of his sentence, we are unable to grant any sort of effectual relief, and the defendant's sentencing challenge is moot. *People v. Funches*, 2019 IL App (3d) 160644, ¶ 8.

¶ 40                          III. CONCLUSION

¶ 41    For the foregoing reasons, we vacate the defendant's Class 4 felony conviction and order that the trial court enter judgment on its verdict as a Class A misdemeanor. The cause is remanded for resentencing on the Class A misdemeanor.

¶ 42    Reversed and remanded with directions.

**No. 5-19-0515**

| | |
|---|---|
| **Cite as:** | *People v. Johnson*, 2021 IL App (5th) 190515 |
| **Decision Under Review:** | Appeal from the Circuit Court of Williamson County, No. 17-CF-104; the Hon. Brian D. Lewis, Judge, presiding. |
| **Attorneys for Appellant:** | Michael D. Burke, of Southern Illinois Law Center, of Carbondale, for appellant. |
| **Attorneys for Appellee:** | Brandon Zanotti, State's Attorney, of Marion (Patrick Delfino, Patrick D. Daly, and Jennifer Camden, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |