2021 IL App (2d) 190398-U
No. 2-19-0398
Order filed March 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-1917 |
| DANIEL P. McGOVERN, | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Probable cause existed to support a warrant to search defendant's residence for cannabis and materials associated with the use and sale of cannabis, where the police searched the residence's curbside garbage on several dates and found small amounts of cannabis. Though possession of cannabis in small amounts had been decriminalized in Illinois, possession in any amount was still illegal and thus furnished probable cause of criminal activity inside the residence.

¶ 2    Defendant, Daniel P. McGovern, appeals from the judgment of the circuit court of Lake County denying his motion to suppress evidence found in his home pursuant to a search warrant. He contends that there was no probable cause to support the warrant. Because there was a substantial basis for the issuing judge's finding that the presence of cannabis in defendant's

garbage provided probable cause of illegal possession of cannabis within defendant's home, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was indicted on 6 counts of armed violence (720 ILCS 5/33A-2(a) (West 2016)), 1 count of unlawful possession with the intent to deliver 15 grams or more but less than 100 grams of a controlled substance (cocaine) (720 ILCS 570/401(a)(2)(A) (West 2016)), 1 count of unlawful possession of 15 grams or more but less than 100 grams of cocaine (720 ILCS 570/402(a)(2)(A) (West 2016)), 1 count of unlawful possession with the intent to deliver 30 grams or more but less than 500 grams of cannabis (720 ILCS 550/5(d) (West 2016)), and 12 counts of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)).

¶ 5      Before trial, defendant moved to suppress evidence found in his home pursuant to a search warrant. The following facts are from the affidavit and complaint for a search warrant. On July 11, 2017, Agent Thomas Kropp of the Metropolitan Enforcement Group (MEG) submitted a complaint for a search warrant for a residence on Andrew Lane in Lake Zurich. Agent Kropp asked for a warrant to search for cannabis, proof of residency or occupancy, paraphernalia associated with the use and sale of cannabis, currency, and other items connected to the use and sale of cannabis.

¶ 6      In support of the request for a search warrant, Agent Kropp averred that he had information from "anonymous sources of traffic going to and coming from [a specific address on Andrew Lane in Lake Zurich], consistent with narcotics sales." Based on the anonymous information, on June 6, 2017, officers from MEG confiscated approximately four tied, white plastic garbage bags from a garbage container located at the curb in front of the Andrew Lane residence. A search of the four bags revealed a clear plastic bag containing loose cannabis and stems that tested positive for

cannabis. The officers also found in the garbage "proof of [defendant's] residency" at the Andrew Lane address.

¶ 7    On June 13, 2017, the officers confiscated approximately four tied, white plastic garbage bags from a garbage container located at the curb in front of the residence. When the officers searched the garbage bags, they found a clear plastic bag containing loose cannabis and stems that tested positive for cannabis.

¶ 8    On June 20, 2017, while surveilling the residence, the officers saw "one individual" exit the residence and bring a garbage container from the side of the residence to the curb. Later that evening, the officers removed several tied, white plastic garbage bags from the container. When they searched the bags, they found in one bag residue that tested positive for cannabis.

¶ 9    On June 28, 2017, officers confiscated approximately eight tied, white plastic garbage bags from a garbage container located at the curb in front of the residence. When they searched the bags, they found a clear plastic bag containing loose cannabis and stems that tested positive for cannabis.[1] The officers also found proof that defendant was an occupant of the residence.

¶ 10   The trial court issued a search warrant authorizing a search of both defendant and the Andrew Lane residence. The warrant authorized the officers to search for and seize cannabis, proof of residence or occupancy, paraphernalia associated with the use and sale of cannabis, currency, and other materials related to the use and sale of cannabis, which had been used in the

---

[1] Although the complaint for a search warrant did not state how much cannabis was found in the garbage, defendant asserted in his motion to suppress that an Illinois State Police evidence receipt showed that the total unofficial weight of all the cannabis seized from the garbage bags was four grams. The State did not challenge that assertion either in the trial court or this court.

commission of, or which constituted evidence of, the unlawful possession of cannabis or the unlawful possession with the intent to deliver cannabis.

¶ 11    On July 12, 2017, officers executed the search warrant at the Andrew Lane residence. They found cannabis, cocaine, firearms, and other evidence related to the charged offenses.

¶ 12    Defendant moved to suppress the evidence, contending that the information in the affidavit and complaint for a search warrant did not constitute probable cause. In doing so, defendant argued, among other things, that (1) the small amounts of cannabis found in the garbage suggested "personal use as opposed to narcotic sales" and, (2) particularly in light of the decriminalization of the possession of less than 10 grams of cannabis (see 720 ILCS 550/4 (West 2016)), the amounts found would not, without corroborating evidence of criminal activity, provide probable cause to believe that illegal amounts of cannabis were present in the house.

¶ 13    In denying defendant's motion to suppress, the trial court found that the cannabis in the garbage cans was sufficient to establish probable cause. In so ruling, the court expressly did not consider the anonymous information.

¶ 14    Before trial, the trial court granted the defendant's motion to dismiss all of the armed-violence counts. Following a stipulated bench trial, the court found defendant guilty of all remaining charges. After merging the possession-of-cocaine conviction with the intent-to-deliver-cocaine conviction, the court sentenced defendant to concurrent prison terms of eight years on the intent-to-deliver-cocaine conviction, four years on the intent-to-deliver-cannabis conviction, and four years on each of the unlawful-possession-of-firearm convictions. Following the denial of his motion to reconsider sentence, defendant filed this timely appeal.

¶ 15                                     II. ANALYSIS

¶ 16    On appeal, defendant contends that the small amount of cannabis found in defendant's garbage was insufficient to establish probable cause of criminal activity in the residence, particularly in light of the recent decriminalization of small amounts of cannabis.

¶ 17    Probable cause exists in a particular case when the totality of the facts and circumstances within the affiant's knowledge would be sufficient to warrant a person of reasonable caution to believe that the law was violated and evidence of it is on the premises to be searched. *People v. McCarty*, 223 Ill. 2d 109, 153 (2006). The probable cause requirement is rooted in principles of common sense. *McCarty*, 223 Ill. 2d at 153. The standard for probable cause concerns the probability of evidence of criminal activity, not the showing of proof beyond a reasonable doubt. *People v. Brown*, 2014 IL App (2d) 121167, ¶ 22. The issuing magistrate's task is simply to make a practical, commonsense decision whether, given all of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *McCarty*, 223 Ill. 2d at 153.

¶ 18    In light of the foregoing, a reviewing court must not substitute its judgment for that of the magistrate in construing an affidavit for a search warrant. *McCarty*, 223 Ill. 2d at 153. Rather, the reviewing court must merely decide whether the magistrate had a substantial basis for concluding that probable cause existed. *McCarty*, 223 Ill. 2d at 153. Indeed, when evaluating the sufficiency of an affidavit, a reviewing court's after-the-fact scrutiny should not be *de novo*. *Brown*, 2014 IL App (2d) 121167, ¶ 23 (citing *Illinois v. Gates*, 462 U.S. 213, 236-37 (1983)). Accordingly, a reviewing court should pay great deference to a magistrate's probable cause determination. *Brown*, 2014 IL App (2d) 121167, ¶ 23. Doubts as to whether an affidavit supplied probable cause for a warrant should be largely resolved by the preference accorded to warrants.

*People v. Stewart*, 104 Ill. 2d 463, 477 (1984) (citing *United States v. Ventresca*, 380 U.S. 102, 109 (1965)).

¶ 19    Applying the deferential standard of review, we consider whether there was a substantial basis for the issuing judge to conclude that there was probable cause to issue the search warrant. There was.

¶ 20    Where a defendant places a trash container on the curb for collection, he terminates any possessory or ownership interest in the contents. *People v. Balsley*, 329 Ill. App. 3d 184, 187 (2002). Moreover, by abandoning the trash, the defendant also abandons his privacy expectation in it, and the fourth amendment protection against unreasonable searches and seizures no longer applies. *Balsley*, 329 Ill. App. 3d at 187. Thus, the police may properly conduct a warrantless examination of the trash and use any evidence discovered to obtain a search warrant, provided there was probable cause that the curbside evidence came from the residence to be searched.

¶ 21    We hold first that Agent Kropp's affidavit was sufficient for probable cause to believe that the garbage pulled on all four dates came from the residence on Andrew Lane that was the subject of the search warrant application. Agent Kropp averred that, on two of the days, the officers found in the garbage proof that defendant resided at the Andrew Lane address. Defendant does not dispute that the evidence from the June 6 and June 28 garbage pulls established proof of residency. On another day, the officers observed an individual exit the residence and move a garbage container from the side of the residence to the front curb. Although defendant argues that he was not that individual, that is not consequential. The fact that someone from the residence carried the garbage to the curb evinced that the garbage examined came from the home searched. We also reject defendant's assertion that the evidence found in the garbage on June 13 and June 20 could not be considered because there was no evidence in those days' garbage that defendant resided at

the home. A court is to consider the totality of the circumstances in arriving at its probable cause determination. See *McCarty*, 223 Ill. 2d at 153. Based on the officers having evidence from the other three days showing that the garbage came from defendant's home, it was reasonable to conclude that the evidence found in the garbage on June 13 also came from his residence.

¶ 22    In holding that probable cause existed to link the garbage containing cannabis to the Andrew Lane residence, we reject defendant's reliance on *People v. Burmeister*, 313 Ill. App. 3d 152 (2000). In *Burmeister*, this court held that, even though the police found contraband on three consecutive trash days, it was insufficient to provide probable cause for the search warrant. *Burmeister*, 313 Ill. App. 3d at 156. However, this court did so because there was no evidence connecting the garbage to the defendants or their residence (for instance, the garbage seized was in loose black bags and the State did not challenge the defendants' assertion that they never used bags to collect garbage for collection because it was against garbage collection rules). *Burmeister*, 313 Ill. App. 3d at 158; see also *Balsely*, 329 Ill. App. 3d at 188 (distinguishing *Burmeister* based on indicia of residence linking the defendant to the residence). Here, however, there was evidence connecting the garbage to defendant's residence. We further note that this court never reached the separate issue in *Burmeister* of whether the contraband found in the garbage was otherwise sufficient to provide probable cause for the search warrant.

¶ 23    We turn next to whether the cannabis found in the garbage bags provided a substantial basis for the magistrate's finding that there was probable cause of criminal activity inside the residence. It did.

¶ 24    The officers found small amounts of cannabis in defendant's garbage on all four days that they examined the garbage. This showed that it was reasonably probable that the officers would find cannabis and related evidence upon searching the home.

¶ 25    However, defendant contends that, particularly in light of the recent decriminalization of the possession of small amounts of cannabis, the cannabis found in his garbage was not sufficient alone to provide probable cause of criminal activity in his home.  We disagree.

¶ 26    Section 4(a) of the Cannabis Control Act (CCA) decriminalized the possession of no more than 10 grams of cannabis and categorized such possession as a civil law violation punishable by only a fine.  720 ILCS 550/4(a) (West 2016).  However, although section 4(a) of the CCA diminished the penalty for possession of no more than 10 grams of cannabis to a civil law violation punishable only by a fine, the knowing possession of cannabis remained illegal.  *People v. Hill*, 2020 IL 124595, ¶ 31.  Indeed, the first sentence of section 4(a) states unequivocally that "[i]t is unlawful for any person to knowingly possess cannabis."  720 ILCS 550/4 (West 2016).  Accordingly, even though section 4(a) reduced the punishment for the possession of small amounts of cannabis to a civil fine, it did not alter the status of cannabis as contraband.  *Hill*, 2020 IL 124595, ¶ 31.

¶ 27    Here, although the amount of cannabis in the garbage was no more than 10 grams, it was sufficient to provide probable cause that defendant possessed cannabis illegally.  Defendant asserts that "[i]t is not readily apparent, especially without any indicia of criminal activity, how two grams of cannabis leads to the conclusion of criminal activity, *i.e.*, the use and sale of cannabis."  As discussed, possession of any amount of cannabis remained illegal.  The mere fact that punishment for possession of small amounts of cannabis had been reduced to a civil fine did not require the police to assume that defendant possessed only small amounts in his home or to ignore the continued illegality of the possession of even small amounts of cannabis.  See *Hill*, 2020 IL 124595, ¶ 29 (because cannabis remains unlawful to possess, any amount is considered

contraband). Thus, the issuing judge had a substantial basis for finding that there was probable cause for the search warrant.

¶ 28    We note that defendant briefly mentions in his opening brief that the legislative decision to allow the medical use of cannabis and to decriminalize the possession of no more than 10 grams of cannabis "altered the status of cannabis as contraband." As discussed, the decriminalization of cannabis under section 4(a) of the CCA did not alter the illegal nature of cannabis.  While defendant may have mentioned the decriminalization of the possession and use of cannabis for medical purposes, scrutinizing the briefs reveals that the thrust of defendant's argument is that, given the changing legal landscape, a small amount of cannabis does not by itself establish probable cause for a search warrant. Indeed, defendant frames the issue as follows: "[t]he open question is whether evidence gathered from these 'trash-pulls'—*by itself*—is sufficient to establish probable cause for a search warrant of a residence."  (Emphasis in original.)  Defendant goes on to say that the "evolution of cannabis law," in conjunction with the Illinois law of trash-pulls, "dictates that the Legislature did not intend for a small amount of cannabis found in the trash to serve as the sole basis for establishing probable cause to search a home."  At no point does defendant attempt to relate his quote from *Hill* ("the question is 'whether a reasonable officer could conclude—considering all of the surrounding circumstances, including the plausibility of the [innocent] explanation itself—that there was a *substantial chance* of criminal activity' " (emphasis added by defendant) (quoting *Hill*, 2020 IL 124595, ¶ 18 n.2)) to the facts of this case.  If we were to address the issue of an innocent explanation, we would have to construct and develop an argument for defendant.  Clearly, that is not our role as an appellate court.  We are to review the magistrate's decision to issue the warrant and look at whether  there was a substantial bases for doing so. Because defendant failed to develop the point in his opening brief, we  do not consider

the issue of whether the Compassionate Use of Medical Cannabis Pilot Program Act (410 ILCS 130/1 *et seq.* (West 2016)), affected the probable-cause equation in this case.

¶ 29     Illinois Supreme Court Rule 341(h)(7) (eff. October 1, 2020) provides, in pertinent part, that the appellant's argument shall contain his contentions and reasons for them, with citations of authority and pages of the record relied on. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Under Rule 341(h)(7), a reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. *People v. Johnson*, 2021 IL App (5th) 190515, ¶ 29. The appellate court is not a depository into which the appellant may dump the burden of argument and research. *Johnson*, 2021 IL App (5th) 190515, ¶ 29. The failure to comply with Rule 341(h)(7) results in forfeiture of the issue of medical use of cannabis. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Johnson*, 2021 IL App (5th) 190515, ¶ 30.

¶ 30     Because we hold that there was a substantial basis for issuing the search warrant, we do not reach the issue of whether there was good-faith reliance on the search warrant (see *People v. Manzo*, 2018 IL 122761, ¶ 63), or, as defendant argues, whether the State forfeited a good-faith claim by failing to raise it in the trial court.

¶ 31                                      III. CONCLUSION

¶ 32     For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 33     Affirmed.